Filed 5/29/13  P. v. Young CA2/2
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>ANDREW LEE YOUNG,<br><br>  Defendant and Appellant. | B241993<br><br>(Los Angeles County<br>Super. Ct. No. NA077229) |

THE COURT:*

Defendant and appellant Andrew Lee Young (defendant) appeals his judgment entered on remand June 11, 2012, after we reversed his prior sentence in a nonpublished opinion.  (*People v. Young* (Jan. 10, 2012, B227428).)  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On January 23, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered, and granted additional time to April 1, 2013.  That date has passed and defendant has submitted no letter or brief.  We have reviewed the entire record and find that the trial court neglected to comply with our directions on remand in

---

\*      BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

just one respect: correcting the fees previously imposed at sentencing. We thus modify the judgment, but finding no other error or other arguable issues, we otherwise affirm.

In 2008, defendant negotiated a plea agreement with the assistance of counsel, pled no contest to six counts, admitted two prior convictions for purposes of sentencing under the "Three Strikes" law (§§ 1170.12, subds. (a)-(d); 667, subds. (b)-(i)), and was sentenced to a six-year prison term, comprised of the upper term of three years on count 1, doubled as a second strike, plus concurrent terms as to each of the remaining counts. The court struck one of the prior strikes, suspended execution of sentence, and placed defendant on three years of formal probation. In 2010, while on probation, defendant was charged with a new offense in case No. NA084896 (the new case), along with a special allegation of two prior strikes. Trial on the new case and the probation violation hearing were assigned together to a different judge. Defendant represented himself in the probation violation hearing, after which the trial court found him to be in violation.

The trial court stated that the concurrent terms originally imposed in this case were unauthorized, and informed defendant that if convicted on the new charge, he could face an increased term. Believing such a result would violate the terms of his plea agreement, defendant asked to withdraw his plea. When the court refused to consider the request, defendant asked for representation by counsel, but the trial court refused that request as well. After defendant was convicted in the new case, the trial court then resentenced defendant to an aggregate term on both cases of 10 years by imposing a four-year sentence in this case and making it subordinate to the six-year term imposed in the new case. The four-year term was comprised of eight months (one-third the middle term) for each of the six counts, doubled to 16 months, to run consecutively to the principal term. The court stayed the terms imposed on three of the counts. Defendant again appealed and we reversed the four-year sentence, directing the trial court to afford defendant counsel at resentencing and to correct its unauthorized imposition of fees by reducing the court security fee from $30 to $20 and by eliminating the $30 court facilities assessment.

Counsel was appointed on remand and he filed a motion to withdraw defendant's plea. The trial court denied the motion and again sentenced defendant to consecutive

2

one-third middle terms of eight months for each of the six counts, doubled to 16 months, while staying the terms on three counts, for a total term of four years, subordinate to the sentence in case No. NA084896.  However, the court neglected to correct its imposition of fees.  We thus do so here.

Upon examining the entire record, we are satisfied that defendant's appellate counsel has otherwise fully complied with her responsibilities and that no other arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The court security fee is reduced to $20 and the court facilities assessment is eliminated.  The trial court is directed to prepare a corrected abstract of judgment and forward a certified copy of it to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.